United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
July 07, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Saeed Kahkeshani, | § § § § | Civil Action H-16-230 |
| Appellant, | | |

| | | |
|---|---|---|
| *In re* | § | |
| Stephan K. Hann, | § § § | Bankruptcy 12-3256 |
| Debtor. | | |

## Opinion on Appeal

1. *Background.*

   In May 2010, Saeed Kahkeshani contracted with SKH 2000, Inc., to build a home. SKH's sole owner is Stephan K. Hann.

   Kahkeshani obtained a loan to fund the construction. SKH would file a draw request to receive money from the trust with a description of labor or materials and amount for the work required for construction. Kahkeshani and Hann would sign each draw request. Between September and December, nine draw requests were filed.

   During the course of the contract, Kahkeshani received notice that the subcontractors and vendors remained unpaid. He discovered that SKH was paid $572,000 for construction that was not used for the house.

   In February 2011, Kahkeshani sued SKH and Hann in state court. One year later, Hann filed for Chapter 7 bankruptcy, later removing the case to bankruptcy court. Kahkeshani started an adversary proceeding to prevent Hann's discharge of the debt from bankruptcy because he committed fraud.

   The underlying state claims were referred to arbitration. The bankruptcy court reserved the right to decide the dischargeability issues based on factual finding in the arbitration. The parties arbitrated, and the bankruptcy court confirmed the award on December 31, 2015.

The arbitrator found that: (a) SKH and Hann violated the Trust Fund Statute by misapplying trust funds for Kahkeshani's construction project; (b) SKH breached the contract; (c) SKH made fraudulent representations to Kahkeshani in draw requests; and (d) Hann is personally liable for the misrepresentations of SKH as an alter ego.

In 2014, the parties filed cross-motions for summary judgment on the dischargeability of the debt. The bankruptcy court held that the debt was not dischargeable for: (a) fraud or defalcation of duty; (b) fraud, false pretenses, or false representation; (c) willful or malicious injury; or (d) fraudulently transferring assets to defraud Kahkeshani.

On January 27, 2016, Kahkeshani appealed the decision by the bankruptcy court.

2.   *Standard of Review.*

This court reviews *de novo* summary judgment decisions and conclusions of law.[1] The court reviews factual findings for clear error.

3.   *Bankruptcy Appeal.*

The appellant has raised four instances of error on the dischargeability of Hann's debt by the bankruptcy court as grounds for their appeal.

A.   *Defalcation of Duty.*

Section 523(a)(4) excepts discharge of debt if it was caused by: (1) fraud or defalcation (2) while acting in a fiduciary capacity.

Fraud requires intentional deceit.[2] The Supreme Court held in *Bullock* that defalcation of duty in Section 532(a)(4) requires that the debtor have "knowledge of or gross recklessness" to violate a fiduciary duty.[3] Actual

---

[1] *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307–08 (5th Cir.1985).

[2] *Bartley Tex. Builders Hardware, Inc. v. Swor* (Bankr. S.D. Tex. 2008).

[3] *Bullock v. BankChampaign N.A.*, 133 S.Ct. 1754 (2013).

knowledge exists if the fiduciary consciously disregards a substantial or unjustifiable risk that his conduct will breach a duty.

A fiduciary relationship must exist between the debtor and creditor. The court looks to the Texas Trust Fund law to determine the fiduciary duty and whether it imposes trust obligations to render Hann a fiduciary.[4]

In Texas, construction payments for a contract to improve property are trust funds.[5] The recipient of payments who has control over the direction of the funds is a trustee. The beneficiaries are the subcontractors.

The Texas Construction Trust Fund Act creates a federal fiduciary duty when a debtor: (1) intentionally, knowingly, or with intent to defraud, misapplied trust funds; and (b) does not have an affirmative defense.[6] The use of funds for actual expenses directly related to the construction project is an affirmative defense.[7] The burden of proof typically lies with the creditor to show that the defense is inapplicable. Nondischargeability claims must be proven by a preponderance of the evidence.[8]

    1.    *Fraud.*

The arbitrator found that Hann "used, disbursed, or diverted trust funds with intent to deprive the beneficiaries of the trust funds." It held that Hann met the state-of-mind requirement under the Texas law because he had an intent to defraud.

The bankruptcy court said that the mental culpability that satisfied the Trust Fund law does not meet the standard required by *Bullock*. The court argued that the award attributed fraud to Hann as an alter-ego, not individually.

---

[4] *In re Bennett*, 989 F.2d 779, 784 (5th Cir. 1993).

[5] Tex. Property Code § 162.001.

[6] *In re Nicholas*, 956 F.2d 110, 114 (5th Cir. 1992).

[7] Tex. Property Code § 162.031.

[8] *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991).

*Bullock* required that a debtor have "knowledge of, or gross recklessness" of the improper fiduciary behavior. It includes reckless conduct that would suffice under criminal law. The Modal Penal Code says reckless conduct includes willful blindness.

Kahkeshani says that Hann's violation of the Trust Fund Statute makes his debt non-dischargeable under 523(a)(4). Because the arbitrator found that Hann violated the statute, Kahkeshani says, Hann meets the state of mind requirement under 523(a)(4).

If Hann intended to defraud by using the funds to deprive the beneficiaries, then he had "knowledge of" the improper behavior required under Section 523(a)(4). The award is replete with references to Hann's personal awareness of where and how money was spent. Intent is a higher culpable state under the Texas Penal Code than "knowing."[9] He meets the scienter requirement.

### 2. Fiduciary Duty.

Texas law says that a fiduciary duty exists if the person (a) intended to defraud; and (b) does not have an affirmative defense. Hann's affirmative defense is that the trust funds not paid to the subcontractors were used to pay "actual expenses directly related to the construction or repair of the improvement." To show that Hann does not meet this defense, Kahkeshani must prove the payments: (a) were not expenses made on the project or overhead; or (b) made for Hann's personal use rather than to benefit the health of his failing business.[10]

Kahkeshani says that the damages in the award found that Hann's misused payments were not made on the project or overhead but for his own use.

Hann says that the standard of proof was lower in the arbitration. In the arbitration, he had the burden of proof, whereas a dischargeability proceeding requires that Kahkeshani prove that Hann does not meet the defense. He says that Kahkeshani has not shown that he violated a fiduciary duty because he has evidence that $30,000 of the funds covered actual expenses. He says that the

---

[9] Tex. Penal Code § 6.02.

[10] *In re Pledger*, 592 Fed. Appx. 296 (5th Cir. 2015).

evidence supports his defense that he used the funds for actual expenses. He insists that Kahkeshani does not have any evidence other than the award to support his burden of proof that Hann did not use the funds productively.

Kahkeshani has established that Hann does not satisfy the safe harbor. He distinguishes *In re Nicholas*, where the debtor had no evidence that the money was misapplied. The award, here, says that money was diverted for personal use. It says that Hann personally benefitted when Kahkeshani paid off the liens on his property that were incurred by Hann.

The award says that SKH had an affiliate company called Hann Builders, Ltd., which was owned by Hann. Hann Builder's had incurred debt. It says that SKH, whose sole owner is Hann, used the money from SKH to pay off debts in Hann Builders. It says he used the money to pay for his own use.

Hann's affidavit contradicts the award. He says he did not know that the funds were not used for actual expenses. It does not have sufficient evidence to counter the factual findings by the arbitrator. The award assessed the evidence of the overhead costs and money paid to creditors. The court can rely on the arbitration's factual findings for support. Kahkeshani has met his burden.

The debt is non-dischargeable because Hann knowingly misapplied the trust funds as a fiduciary under Texas law.

B. *False Pretenses, a False Representation, or Actual Fraud.*

Section 532(a)(2)(A) does not allow discharge of debt if it was obtained by false pretenses, a false representation, or actual fraud.

To discharge debt, under a false representation, Kahkeshani must show that: (1) Hann made a representation; (2) he knew the representation was false; (3) he made the representation with the intention to deceive Kahkeshani; (4) Kahkeshani actually and justifiably relied on such representations; and (5) Kahkeshani sustained losses as a result of his reliance.[11]

False representations must have been made knowingly and fraudulently.

---

[11] *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).

Recklessness may sometimes suffice.[12]

The bankruptcy court found no proof of misrepresentations by Hann, directly, in the arbitration. It said that Kahkeshani was precluded from further litigation of this issue because the arbitrator found insufficient evidence to show that Hann had knowledge of the misrepresentations in the draw requests. The imputation of liability from SKH to Hann as an alter ego was rejected by the bankruptcy court.

Kahkeshani says that Hann falsely misrepresented the use of funds in each draw request as an alter ego of SKH. He says that SKH knew it would use the money as described in the draw request. He says that Kahkeshani relied on the representation. He says the reliance was justifiable and he sustained losses.

He says that Hann may be liable as an alter ego of SKH. It says that the law has found a debtor vicariously liable as an alter ego of a corporation to make a debt nondischargeable.[13]

Hann says that the agency exception does not apply to an alter-ego or shareholder. He says that shareholders in a limited liability are not liable unless they personally made fraudulent representations. Hann says Kahkeshani cannot show that he was fraudulent.

Fraudulent intent of a debtor's agent may be imputed to the debtor.[14] The same principle is not guaranteed under the alter ego theory. The law has distinguished imputing fraud if the perpetrator was the alter ego of the corporation.[15]

Holding a debtor liable under the alter-ego theory for nondischargeability is split. The Fifth Circuit prevents an innocent debtor from discharging liability for the fraud of his partners.[16] The Ninth Circuit imputed liability to a spouse for

---

[12] *In re Phillips*, 804 F.2d 930 (6th Cir. 1986).

[13] *In re Arnette*, 454 B.R. 663, 701-702 (Bankr. N.D. Tex. 2011).

[14] Collier on Bankruptcy 523.08(4) 16th Ed. 2014

[15] *Recoveredge, L.P., v. Pentecost*, 434 F.3d 1284 (5th Cir. 1995).

[16] *In re M.M. Winkler & Associates* 239 F.3d 746 (5th Cir. 2001).

the fraud of her husband without a requirement of knowledge of the fraud.[17] The Sixth Circuit permits liability if the debtor knew or should have known of the improper behavior.[18] The crux of the dischargeability issue under Section 523(a)(2)(A) is whether Hann made a false misrepresentation – either on his own or as the alter ego of SKH.

The award said that Hann was the alter-ego of SKH. It said that SKH made false representations in the draw requests by claiming it would be used to pay subcontractors rather than Hann's debt from his prior company. It said, however, that there was insufficient evidence to support that Hann was aware of the draw requests signed by his employee.

Because the Fifth Circuit does not apply a state-of-mind requirement, the award's determination of liability against SKH would be appropriately imputed against Hann, individually.

Exceptions to dischargeability are typically construed in favor of the debtors ability to start anew. Hann says that policy favors limited liability for corporate shareholders. Hann, however, is the sole owner of SKH. No other shareholder would be imputed other than Hann himself. The award said he treated the funds as if they were his own.

Hann is liable as an alter-ego of SKH, and the debt is not dischargeable under Section 532(a)(2)(A).

C. *Denial of Discharge.*

Section 727 requires that a court discharge a debt unless money remains unaccounted. Kahkeshani says that Hann failed to account for $200,000 of funds paid to SKH. He says that the $200,000 was transmitted to Stephen K. Hann, Inc.

The bankruptcy court said that Kahkeshani did not produce evidence to substantiate this claim at the summary judgment stage. The award said that the costs were accounted for in SKH's records.

---

[17] *Bartenwerfer v. Buckley (In re Bartenwerfer)*, 860 Fed. Appx. 544 (9th Cir. 2001)

[18] *Walker v. Citizens State Bank (In re Walker)*, 726 F.2d 452, 454 (8th Cir. 1984)

Kahkeshani argues that the Section 727 issue was abated. He says that the arbitration was limited to the Section 523 claims. He says he was unable to obtain discovery on denial of discharge in the arbitration.

The record shows that the arbitration order settled the Section 523 claims but not Section 727. Although Kahkeshani did not show a genuine issue of material fact at summary judgement, he did not have the opportuntiy to conduct discovery on this claim in the proceedings.

The denial of discharge claim is remanded with an order to permit discovery on this limited issue because it was not covered by the arbitration.

4. Conclusion.

Stephen Hann's debt is not dischargeable under Section 523 (a)(2)(a) and Section 523 (a)(4).

The denial of discharge claim is remanded to bankruptcy for further discovery.

Signed on July 7, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge